UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FREDERICK O. SILVER,**

      **Plaintiff,**

v.                                                   Case No. SA-20-CV-0888-JKP-RBF

**CITY OF SAN ANTONIO, et al.,**

      **Defendants.**

## SANCTION ORDER

On August 4, 2020, the Court ordered this action closed after denying an *Application to Proceed in District Court Without Prepaying Fees or Costs (*(ECF No. 1) and an *Emergency Motion to Recuse* (ECF No. 3). In doing so, it found that Plaintiff Frederick O. Silver ("Silver") had not complied with a prefiling injunction imposed against him in *Silver v. Bemporad*, No. SA-19-CV-0284-XR, 2019 WL 1724047, at *1-4 (W.D. Tex. Apr. 18, 2019), *appeal dismissed*, No. 19-50339 (5th Cir. July 15, 2019) and that such noncompliance was sufficient reason of itself to deny permission to proceed *in forma pauperis* and order this action closed and dismissed.

In addition, because Plaintiff had wholly failed to seek leave to file this action, the Court directed him to show cause why the Court should not impose sanctions up to and including a monetary sanction payable to the Court and additional restrictions on filing future federal actions. As an additional basis for sanctions, the Court noted that this action is substantially the same as the complaint sought to be filed in Case No. 20-MC-0655-JKP, which as explained in that case was essentially a modified version of Silver's ultimately unsuccessful attempt to obtain leave in *Silver v. City of San Antonio*, No. 5:19-MC-1450-OLG (W.D. Tex. Dec. 16, 2019) (filed pro se motion for leave) and that prior miscellaneous case was essentially a duplicate of his prior litigation in *Silver v. Perez*, No. 5:18-CV-1307-FB (W.D. Tex. filed Dec. 13, 2018).

Finally, the Court precluded Silver from making other filings in this case until the Court issues an order on the show cause. Contrary to that preclusion order, Silver immediately filed an *Application for Permission to File Electronically* (ECF No. 6) and a *Request and Order to file New Litigation by Vexatious Litigant in this District Court* (ECF No. 7). And on August 5, 2020, Silver filed his *Response to the Court's Order to Show Cause* (ECF No. 8). In that response, he states that he "just honestly forgot" to attach his request for leave to his proposed complaint. He further states that, because he has now cured the deficiency by filing ECF No. 7, there is no need for the Court to impose additional sanctions. He also explains that he has had mail difficulties recently due to changes in delivery by the post office and thus asks for permission to file and receive documents electronically to avoid mail issues.

First, the Court will attribute no ill-intent on the part of Silver for filing ECF Nos. 6 or 7 despite the specific court order precluding such additional filings. Plaintiff filed ECF No. 7 in an effort to cure the deficiency of his initial filing. He filed ECF No. 6 to remedy his mail issues. While both filings are understandable, their filing still violate a clear court order and the Court could simply disregard or summarily deny them. But the Court will consider them instead.

With respect to ECF No. 6, the Court sees little reason for permitting a litigant to electronically file in a closed case. Moreover, a sanctioned litigant who must obtain judicial approval before even commencing new civil litigation seems to be ill-suited for electronic filing privileges. Nevertheless, the Court sees benefits to permitting Silver to receive matters electronically. Those benefits outweigh any concerns about abusing the e-filing privilege. The Court can remedy any abuse, moreover, through the third paragraph of the submitted application, which states Silver's understanding that if his "use of the Court's e-filing system is unsatisfactory, [his] e-filing privileges may be revoked and [he] will be required to file documents in paper, but will continue to receive documents via e-mail." Accordingly, the Court grants the application and directs Silver to

contact the Office of the District Clerk to obtain the e-filing and e-noticing registration form and to submit the fully completed form to the Clerk. Under standard procedures, the registration form will be processed by the Clerk, who has the responsibility of verifying, approving, and effectuating e-filing and e-noticing of court documents.

Silver views ECF No. 7 as curing the deficiency of his original filing. But that view is mistaken. The prefiling injunction imposed against Silver clearly requires judicial approval BEFORE filing an action. The way to obtain such approval is to file a motion for leave with an attached proposed complaint, not a complaint with an attached motion for leave. And in this case, Silver did not attach a motion for leave. He instead submitted one after the Court ordered the case closed. That is simply not sufficient regardless of the excuse for the omission. Therefore, even accepting Silver at his word that he simply forgot to seek leave to file, the Court finds no basis to now grant him leave to pursue the litigation. The untimeliness alone, regardless of excuse, is sufficient of itself to deny Plaintiff leave to proceed with the complaint submitted in this action. Furthermore, as noted as an additional basis for sanctions in the court's prior court this proposed action is substantially the same as three prior cases (Case Nos. 20-MC-0655-JKP; 5:19-MC-1450-OLG; and 5:18-CV-1307-FB). Not only is that series of duplicative cases notable for the issue of sanctions, but they provide ample reason to deny Plaintiff leave to pursue the complaint submitted in this case.

In addition, on July 30, 2020, this Court issued a sanction order in Case No. 5:20-MC-0272-JKP that was delivered to Silver on August 3, 2020. Among other things, that sanction order imposed monetary sanctions and stated: "Effective immediately, any future motion for leave to file a new civil action shall include proof of payment of this sanction or a status update on payment." The Court also expressly recognized that a "failure to pay the monetary sanction or provide a status update as to payment may provide an adequate reason to deny any future motion for leave

3

to commence a new civil action." Although Silver has provided a 167-page exhibit with the motion for leave in this case, he has provided no proof of payment of the monetary sanction or any status update on payment. That failure alone provides another adequate reason to outright deny the motion for leave in this case.

Silver's proffered excuse that he forgot to seek leave to commence this action does not alter the ultimate result that this case is closed, Silver is denied leave to proceed *in forma pauperis*, and he may not pursue the complaint submitted in this action. And, if the only sanctionable conduct was the failure of Silver to file his motion for leave, the Court might have considered the forgetfulness excuse as reason to merely publicly admonish Silver about his responsibility to comply with court orders. But while the omitted motion for leave is inexcusable given Silver's litigation history, the truly egregious and sanctionable conduct is Silver's insistence on continuing to pursue (or attempting to continue to pursue) the same case against the same defendants over and over again. And Silver does not even address that conduct in his response to the order to show cause.

Rather than address that sanctionable conduct, Plaintiff instead makes statements to the effect that nothing will preclude him from continuing to pursue claims for the return of his property. More particularly, he states:

> The Authorized representative / agent for the FREDERICK O. SILVER, Estate, will as a matter of respect to U.S. District Judge Jason Pulliam, file this response, Chief U.S. District Judge Orlando L. Garcia, court Order is that Nothing shall preclude the Estate of FREDERICK O. SILVER, from seeking remedy from this court for the return of Its private property.

Such statement is not helpful to Silver's efforts to show cause why the Court should not sanction him. Additionally, he makes the following request to the Court:

> Before imposing any sanction on the Estate of FREDERICK O. SILVER, a request is made upon U.S. District Judge Jason Pulliam, to show how the Estate of FREDERICK O. SILVER, is liable either to expressed or implied **CONTRACT** to follow any order.

4

Such request exemplifies Silver's uncooperative behavior and general unfamiliarity with how federal litigation actually works. Suffice to say, by submitting a document for filing in federal court, litigants seeking to pursue federal claims subject themselves to following court orders. No more needs to be said about that.

The Court finds Silver's proffered reasons for avoiding sanctions insufficient given his egregious conduct. Based upon his continued efforts to pursue duplicative litigation, the Court finds that the circumstances warrant the imposition of monetary sanctions as well as an additional filing restriction. The Court notes that Silver paid the $400 filing fee in Case No. 5:18-CV-1307-FB. In this case, he moved to proceed *in forma pauperis* rather than pay the fee. And in the two related miscellaneous cases previously cited, he neither paid any fee nor moved to proceed *in forma pauperis*. Had Silver paid the filing fee for a new civil action in this case and new civil actions resulting from the two miscellaneous cases, he would have paid $1,200 simply to pursue those civil actions. That amount seems to be a reasonable sanction for Silver's continued attempts to pursue the same claims against the same defendants. But, in this instance, a lesser monetary sanction coupled with a limited filing injunction appears to best serve the purposes of sanctions.

For the reasons stated, the Court **GRANTS** the *Application for Permission to File Electronically* (ECF No. 6) and **DENIES** the *Request and Order to file New Litigation by Vexatious Litigant in this District Court* (ECF No. 7). The Court hereby grants Silver permission to file electronically in this action so long as he does not abuse the process and he complies with procedures of the Office of the District Clerk. And to facilitate the emailing of this Sanction Order, the Court **DIRECTS** the Clerk of Court to note Silver's email address on the docket and email him a copy of this Sanction Order. There is no need for the Clerk of Court to send this Sanction Order by any other means.

In addition to those rulings, the Court finds that Plaintiff has not shown cause for why the Court should not impose sanctions on him. Accordingly, it **IMPOSES** the following sanctions upon Frederick Silver:

1. Within sixty days of the date of this order, Frederick Silver shall pay monetary sanctions in the amount of $600.00 to the Court in the manner required through the Court's normal operating procedures. He is directed to contact the Office of the District Clerk to obtain instructions on the proper procedure. He shall follow the instructions given by the Clerk or any individual designated to provide instructions. Effective immediately, any future motion for leave to file a new civil action shall include proof of payment of this sanction or a status update on payment. Any submitted proof of sanction payment or status update on such payment shall be submitted as a separate document and not contained within attached exhibits.

Commencing a new federal civil action includes the transfer of cases between federal courts and the removal of a state case to federal court whether the removing party is Silver, or a state defendant sued by Silver. If Silver attempts to file any such action or motion for leave, the receiving court may accept it as a civil or miscellaneous case in accordance with the court's normal operating procedures. The failure to pay the monetary sanction imposed herein or provide a status update as to payment may provide an adequate reason to deny any future motion for leave to commence a new civil action. But even if Silver fails to make payment or provide a status update as to payment, a reviewing court retains the discretion to permit him to proceed with the proposed new litigation. Likewise, even if Silver satisfies the above conditions, it remains within the discretion of the court to deny him leave or permission to pursue the litigation. In other words, compliance with the conditions set out herein is merely a factor to consider when a court addresses whether to permit Silver to proceed with a civil action. This sanction does not limit or eliminate the existing prefiling injunction imposed against Silver or any other sanction imposed against him.

2. Effective immediately, Frederick Silver is precluded from pursuing any future federal litigation related to the events of December 10, 2018, that form the basis for this action.

3. Effective immediately, for any new federal action, including any action opened due to a motion or request for leave to proceed with a new action, Silver shall provide a copy of every sanction imposed against him. If there is a specific order imposing sanctions, he shall provide a copy of each such order. Not including this Sanction Order, the Court currently knows of at least three other sanctions: (1) the prefiling injunction imposed in *Silver v. Bemporad*, No. SA-19-CV-0284-XR, 2019 WL 1724047, at *1-4 (W.D. Tex. Apr. 18, 2019); (2) the sanctions set out in Case No. 5:20-MC-0272-JKP; and (3) the sanctions imposed in state court.

4. Effective immediately, absent further order of the Court, Frederick Silver is precluded from making any other filing in this action other than a notice of appeal and, if warranted, a motion or application to proceed *in forma pauperis* on appeal. If Silver submits any other documents for filing in this case, **the Clerk of Court shall accept and docket them through the Court's normal procedures, but the filings might not prompt any ruling or response**.

The Court instructs the Clerk of Court to email this Sanction Order to Frederick Silver at his last known email address.

**SIGNED this 7th day of August 2020.**

*[signature: Jason Pulliam]*
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**